UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL S. FRANTOM | CIVIL ACTION NO. 20-385 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| USA | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court are cross-motions for summary judgment filed by Michael Frantom ("Frantom"), Intervenors J.D. Frost Trucking Company, L.L.C. ("J.D. Frost") and Louisiana Construction and Industry Self-Insurers' Fund, and Defendant United States of America.[1] All motions raise the same issue—whether the United States qualifies as Frantom's "statutory employer" under Louisiana law.  For the following reasons, Frantom's and Intervenors' motions for partial summary judgment on the statutory employer defense under the Louisiana Workers' Compensation Act are **GRANTED**.  The United States' cross-motion for summary judgment is **DENIED**.

### Background

All parties largely agree on the relevant facts.  In 2018, Frantom served as a truck driver employed by J.D. Frost.[2]  That same year, J.D. Frost contracted with the United States Postal Service ("USPS") to transport mail between postal facilities in Western Louisiana.[3]  As a result, on April 6, 2018, Frantom was at the USPS Shreveport Processing

---

[1] Record Documents 23, 28, and 35.
[2] Record Documents 35-1 at ¶ 2, 37-1 at ¶ 2, and 39-1.
[3] Record Documents 35-1 at ¶s 2–3, 37-1 at ¶s 2–3, and 39-1.

1

and Distribution Center so the facility could load his truck with mail.[4] Frantom was to transport this mail to another USPS facility in Louisiana.[5] While he waited, an overhead industrial fan fell from the facility's loading dock ceiling and then struck and injured Frantom.[6]

Frantom filed suit in March 2020 seeking damages from the United States under the Federal Torts Claims Act ("FTCA").[7] J.D. Frost and its workers' compensation insurer, the Louisiana Construction and Industry Self-Insurers' Fund, intervened in this action in October 2020 asserting their subrogation rights for expenses which they previously paid on behalf of Frantom or will be required to pay on his behalf.[8]

In its answer to Frantom's complaint and to the Intervenors' complaint, the United States asserts that it is entitled to the "statutory employer" defense under the Louisiana Workers' Compensation Act ("LWCA") and, therefore, not liable under the FTCA.[9] Frantom and Intervenors have each respectively filed a motion for summary judgment arguing that the United States does not qualify as a statutory employer under the LWCA.[10] The United States opposed the motions and, in turn, filed its own motion for summary judgment arguing that all claims against it must be dismissed because it qualifies as a statutory employer.[11]

---

[4] Record Documents 35-1 at ¶ 4, 37-1 at ¶ 4, and 39-1.
[5] *Id.*
[6] Record Documents 35-1 at ¶s 1 and 4–5, 37-1 at ¶s 1 and 4–5, and 39-1.
[7] Record Document 1.
[8] Record Document 15.
[9] Record Documents 8 and 34.
[10] Record Documents 23 and 28.
[11] Record Document 35.

## Law and Analysis

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence

3

in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### B. Statutory Employer Defense

Frantom filed suit for personal injury damages against the United States under the FTCA. While the United States is generally entitled to sovereign immunity, the FTCA waives sovereign immunity and "permits suits against the United States sounding in state tort for money damages." *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). This waiver is limited, however, and the United States is only liable under the FTCA "in the same manner and to the same extent that a private individual under like circumstances" would be liable. 28 U.S.C. § 2674. The FTCA directs that tort claims against the United States are decided "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In this case, Frantom alleges that his damages stem from an accident occurring in Louisiana. Consequently, Louisiana law applies.

Under the LWCA, an employer is liable for compensation benefits to an employee injured in an accident arising out of and in the course of his or her employment. La. R.S.

§ 23:1031. In those instances, the LWCA is the "exclusive remedy against the employer for such injury." La. R.S. § 23:1032(A). While this tort immunity naturally covers direct employers, it also covers non-direct employers termed "principals" classified as "statutory employers." *Wright v. Excel Paralubes*, 807 F.3d 730, 732 (5th Cir. 2015); La. R.S. § 23:1061(A)(1). Section 1061(A) governs statutory employment. It states in part:

> [W]hen any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 . . . .

La. R.S. § 23:1061(A)(1).

But Louisiana law specifies only two bases for finding a statutory employment relationship. The first basis exists when the principal is the middle of two contracts–this is titled the "two-contract theory." *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 2002-1072, p. 8 (La. 4/9/03); 842 So. 2d 373, 378. The second basis for statutory employment exists when "there is a written contract recognizing the principal as the statutory employer." *Id.*; *see* La. R.S. § 23:1061(A)(3). Because the United States claims the USPS was a statutory employer under both theories, it "bears the burden of proving its entitlement to immunity." *Mitchell v. S. Scrap Recycling, L.L.C.*, 2011-2201, p. 7 (La. App. 1 Cir. 6/8/12); 93 So. 3d 754, 758. In doing so, the Court must strictly construe the "immunity statutes . . . against the party claiming the immunity." *Id.* The Court will address whether the United States qualifies as a statutory employer for each basis separately.

5

### 1. The Two-Contract Defense

First, the United States is unable to prove it was a statutory employer based on the two-contract theory. A principal is only classified as a statutory employer under this theory when:

> (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed.

*Allen*, 842 So. 2d at 379; *see* La. R.S. § 23:1061(A)(2). In other words, this defense only applies when the principal is sandwiched between two contracts. *See id.* The United States argues the USPS meets this theory's first element because it entered contracts with its third-party customers.[12] Specifically, these customers include those for whom the USPS collects, handles, transports, returns, and holds mail for a fee.[13] Next, the United States contends it meets the theory's second and third elements because the USPS subcontracted its transportation obligations to J.D. Frost, Frantom's employer.[14] Therefore, the United States argues it occupied the position as a principal sandwiched between the "contracts" with its customers and the contract with J.D. Frost.[15] Nevertheless, while the USPS *did* have a contract with J.D. Frost, the United States does not offer evidence of the contracts it claims it entered with its third-party customers. Instead, it simply describes the USPS's broad obligations as a mail carrier.[16]

---

[12] Record Document 35-2, at 8–9.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *See id.* at 8.

Without a third-party contract, the United States' interpretation of this defense would lead to an overly broad application of the two-contract theory.  Indeed, *any* business who provides services would be a statutory employer absent a third-party contract so long as it sublets work to another entity.  But this is not enough to declare a party immune from liability under the two-contract theory.  *See, e.g.*, *Gaspard v. Det Norske Veritas, Inc.*, No. 12-804, 2016 WL 687639, at *2 (E.D. La. Feb. 19, 2016) (acknowledging the necessity of the existence of a contract under Section 1061(A)(2)).  Rather, the statute's purpose "is to establish a compensation obligation on the part of the principal who *contractually* obligates itself to a party for the performance of work and who then subcontracts with intermediaries whose employees perform any part of that work." *Orillion v. Alton Ochsner Med. Found.*, 96-494, p. 4 (La. App. 5 Cir. 11/26/96); 685 So. 2d 329, 332 (emphasis added).  Here, the United States is one contract short.

Further, the USPS's duties are outlined by federal law.  For example, the USPS has a statutory obligation to "maintain an efficient system of collection, sorting, and delivery of the mail nationwide" and "to provide types of mail service to meet the needs of different categories of mail and mail users."  39 U.S.C.A. § 403(b)(1)–(2).  These are obligations imposed by law, not by contract.  *See id.*  Even so, the United States cites no authority for the idea that such wide-ranging statutory mandates constitute "contracts" under Louisiana law.[17]  The Court is, therefore, unwilling to adopt such a broad interpretation of the two-contract theory.  Thus, this defense is unavailable to the United States.

---

[17] The United States cites *Cole v. United States* for the idea that the USPS enters into third-party "contracts" with its customers.  No. 14-566, 2015 WL 11236544, at *3 (N.D. Ga. June 9, 2015) ("[T]he court finds that under the circumstances presented here, the Postal Service is a 'contractor' and 'statutory employer' of Plaintiff and immune from tort liability.").  Notably, however, the court in *Cole* was not applying Louisiana

7

### 2. The Trade, Business, or Occupation Defense

Next, the United States is likewise foreclosed from proving the trade, business, or occupation defense.  When the two-contract theory does not apply, a statutory employment relationship exists under this other basis when: "(1) a principal undertakes work that is part of his trade, business, or occupation by means of a written contract with a contractor that is the employee's immediate or statutory employer; and (2) the contract between the principal and contractor recognizes the principal as a statutory employer." *King v. Debusk Servs. Grp., L.L.C.*, 2017-1577, p. 7 (La. App. 1 Cir. 9/4/19); 2019 WL 4201475, at *3 (emphasis removed) (citing La. R.S. § 23:1061(A)(1) & (3)).  This defense is based in part on Section 1061(A)(3), which states:

> Except in those instances covered by [the two-contract theory] . . . a statutory employer relationship *shall not exist* between the principal and the contractor's employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as the statutory employer*.*

La. R.S. § 23:1061(A)(3) (emphasis added).

Frantom argues that the contract between the USPS and J.D. Frost "contains no provision recognizing the United States of America as a principal or statutory employer."[18] The United States does not argue otherwise.  Instead, it claims that no specific contractual provision is required because Frantom was performing work within the "trade, business,

---

law.  Nonetheless, Frantom directs the Court's attention *McMenamin v. United States*, a case decided within the same district yet directly opposed to this proposition.  No. 01-891, 2003 U.S. Dist. LEXIS 29110, at *8 n.4 (N.D. Ga. June 12, 2003) ("Although the United States asserts that it is indeed a "contractor" inasmuch as, according to the United States, it has a "contract" with postal customers for the delivery of mail, it has wholly failed to direct the court's attention to any evidence or legal authority that actually supports this broad assertion.").

[18] Record Document 23-2 at 6.

8

or occupation" of the USPS–namely, the transportation of mail.[19] It contends this fact alone is enough to grant the USPS tort immunity.[20] To support its argument, the United States relies on *Headrick v. United States*, No. 03-1550, 2004 WL 193129 (E.D. La. Jan. 30, 2004), and *Commercial Union Ins. Co. v. United States*, No. 97-3406, 1998 WL 637379 (E.D. La. Sept. 16, 1998). Both cases, however, cite and discuss case law analyzing Section 1061's former iteration before its 1997 amendment.[21] *See, e.g.*, *Headrick*, 2004 WL 193129, at *3 (citing *Cottrell v. J.A. Jones Const. Co.*, 582 F. Supp. 75, 76 (W.D. La. 1984)) (discussing the "trade, business, or occupation" defense as applied to the former statute); *Commercial Union Ins. Co.*, 1998 WL 637379, at * 1 (considering a tort which occurred in October 1995, more than a year before the current statute's enactment).

Section 1061(A)(3) is a relatively recent addition to Louisiana law. Before the legislature revised Section 1061 in 1997, "*any* 'principal' was a statutory employer of employees of 'contractors' that performed part of the principal's 'trade, business, or occupation.'" *Donahue v. Republic Nat'l Distrib. Co., LLC*, No. 16-13948, 2018 WL 5472792, at *5 (E.D. La. Oct. 29, 2018) (emphasis added) (citing 1989 La. Sess. Law Serv. Act 454 (H.B. 1431) (West)). As a result, years of workers' compensation cases analyzed

---

[19] Record Document 35-2 at 5–6.
[20] *Id.*
[21] The former language of Section 1061 stated in relevant part:

> Where any person, in this Section referred to as "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . . .

S.B. 922, 1997 Leg., Reg. Sess. (La. 1997).

what work qualified as part of a principal's "trade, business, or occupation" under the old statute. *See, e.g.*, *Kirkland v. Riverwood Int'l USA, Inc.*, 95-1830, pp. 3–6 (La. 9/13/96); 681 So. 2d 329, 331–32 (discussing the history of pre-1997 Section 1061); *Berry v. Holston Well Serv., Inc.*, 488 So. 2d 934, 938 (La. 1986) (analyzing the "trade, business, or occupation" defense under an older version of Section 1061). For example, courts once considered whether the principle contracted for "routine and customary" work, whether the principal could perform the work itself, or whether a given contract was common in the principal's industry. *See Berry*, 488 So. 2d at 938.[22]

But the statue's most recent version amended the old language[23] and added an additional requirement. Following the 1997 revision, a statutory employer relationship "*shall not* exist," except by the two-contract theory or evidence of a contract which defines a principal as a statutory employer. La. R.S. § 23:1061; *see* S.B. 922, 1997 Leg., Reg. Sess. (La. 1997). Consequently, in addition to a principal contracting for work that is part of its trade, business, or occupation, there must *also* be a contract recognizing the principal as a statutory employer. *See* La. R.S. § 23:1061(A)(1) & (3); *see also Sheffield v. Int'l Paper Co.*, 443 F. Supp. 3d 937, 947 (W.D. Tenn. 2020) (applying Louisiana law and acknowledging the necessity of a contract which recognizes the principal as a statutory employer); *Gaspard*, 2016 WL 687639, at *2 (same); *Everett v. Rubicon, Inc.*, 2004-1988, pp. 9–13 (La. App. 1 Cir. 6/14/06); 938 So. 2d 1032, 1039–42 (applying Section 1061(A)

---

[22] The passage of the most recent 1997 statute expressly overruled the statutory employer tests as stated in *Berry* and *Kirkland*. S.B. 922, 1997 Leg., Reg. Sess. (La. 1997).

[23] Section 1061 now also outlines a modified "trade, business, or occupation" standard. Specifically, "work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." La. R.S. § 23:1061(A)(1).

10

as amended in 1997); *Jackson v. St. Paul Ins. Co.*, 2004-0026, pp. 8–9 (La. App. 1 Cir. 12/17/04); 897 So. 2d 684, 689 (applying Section 1061(A) when a contract explicitly recognized a defendant as a contractor's statutory employer). In other words, "[a] contract involving work for a principal's trade, business, or occupation is . . . a *necessary* but not *sufficient* element of a statutory employer relationship." *Donahue*, 2018 WL 5472792, at *5 (emphasis in original).

Therefore, even if the United States is correct and the work furthered by Frantom was within the trade, business, or occupation of the USPS—a fact which Frantom does not dispute—they do not contend that the contract between the USPS and J.D. Frost recognizes the USPS as a statutory employer. Thus, the United States cannot meet its burden or enjoy tort immunity under Section 1061(A)(3)'s plain language.

## Conclusion

For these reasons, Plaintiff's and Intervenors' motions for partial summary judgment preventing the United States from claiming a statutory employer status based on Section 1061[24] are **GRANTED**. The Defendant's cross-motion for summary judgment[25] is **DENIED** and the United States is therefore unable to avail itself of tort immunity as a statutory employer.

**THUS DONE AND SIGNED** this 22nd day of September, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[24] Record Documents 23 and 28.
[25] Record Document 35.